ALYSON S. CABRERA (SBN: 222717)
HIEU T. WILLIAMS (SBN: 280585)
GORDON & REES SCULLY MANSUKHANI LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054
ACABRERA@GORDONREES.COM
HWILLIAMS@GORDONREES.COM

Attorneys for Defendant
PERALTA COMMUNITY COLLEGE DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONA YOUNG, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PERALTA COMMUNITY COLLEGE DISTRICT, DR. ROBERT ADAMS, GREGORY VALENTINE, YORK RISK SERVICES GROUP, ARTHUR LONDON,<br><br>Defendants. | CASE NO. CV 14-05351 JD<br><br>**DEFENDANT'S MOTION IN LIMINE #1: TO EXCLUDE WITNESSES AND DOCUMENTS NOT DISCLOSED OR PRODUCED IN DISCOVERY**<br><br>**Trial Date:** February 27, 2017<br>**Time:** 9:00 a.m.<br>**Place:** Courtroom 11, 19th Floor<br>450 Golden Gate Ave.<br>San Francisco, CA 94102<br><br>Hon. Judge James Donato<br><br>Complaint Filed: December 5, 2014 |

### I. NOTICE AND MOTION

**PLEASE TAKE NOTICE THAT** at the Pretrial Conference in this matter, on February 9, 2017 at 1:30 p.m., or as soon thereafter as counsel may be heard in Courtroom 11 of the federal courthouse located at 450 Golden Gate Ave., San Francisco, California, 94102, PERALTA COMMUNITY COLLEGE DISTRICT ("Defendant" or "the District"), will and hereby moves for an order precluding Plaintiff RONA YOUNG ("Plaintiff"), from referring to,

-1-

interrogate concerning, commenting on, attempting to suggest to the jury, or attempting to introduce in any way information, documents and/or witnesses not properly disclosed or produced in discovery.  This motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, any further briefing regarding this motion, the pleadings and evidence in the Court's files, and such other evidence and arguments that the Court may consider at the hearing on this motion.

## II.   MEMORANDUM OF POINTS AND AUTHORITIES

### A.  INTRODUCTION

Defendant seeks an Order *in limine* precluding Plaintiff from referring to, interrogate concerning, commenting on, attempting to suggest to the jury, or attempting to introduce in any way information, documents and/or witnesses not disclosed or produced in discovery. As set forth below, Defendant anticipates Plaintiff will attempt to introduce documentary evidence and or witness testimony not disclosed or produced during fact discovery.  Defendant objects to the introduction or reference to any such evidence.

### B.  ARGUMENT

#### 1.  FRCP Rule 37(c) and FRE 403 Mandate the Preclusion of Information, Documents and Witnesses Not Disclosed During Discovery.

FRCP 26(a) requires early disclosure of information.  Each party, prior to service of any discovery request, must provide the other parties: (1) information sufficient to identify each individual likely to have discoverable information that the disclosing party may use to support its claims; and (2) a copy or description of all documents, electronic information and tangible things within the parties possession, custody or control that the disclosing party may use to support its claims.  Additionally, Rule 26(e) creates an ongoing obligation on each party to supplement its initial disclosures and discovery responses, if that party learns that the information earlier disclosed is incomplete or incorrect, and the complete or corrected information has not otherwise been made known to the other parties during the discovery process.

Any party who fails to comply with these discovery obligations must be precluded from introducing and relying upon information, witnesses and documents not properly disclosed. Specifically, FRCP 37(c)(1) provides that:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

FRCP 37(c)(1) gives teeth to these disclosure requirements "by forbidding the use at trial of any information required to be disclosed . . . that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) ("This particular subsection [Rule 37(c)(1)], implemented in the 1993 amendments to the Rules, is a recognized broadening of the sanctioning power. . . . The Advisory Committee Notes describe it as a 'self-executing,' 'automatic' sanction to 'provide[ ] a strong inducement for disclosure of material. . . .' Courts have upheld the sanction even when a litigant's entire cause of action or defense has been precluded. . .") (emphasis added).

In this case, after fact discovery had closed, Plaintiff attached numerous documents to her Opposition to Defendant's Motion for Summary Judgment that were never before produced in discovery. Plaintiff also included a declaration from a witness not identified on her initial disclosures. Defendant objected to this evidence in its reply papers on various grounds. Defendant anticipates that Plaintiff will attempt to introduce the same or additional evidence at trial.

### C. CONCLUSION

For the above reasons, Defendant respectfully requests that the Court grant its motion *in limine* and issue an Order precluding Plaintiffs from referring to, interrogate concerning, commenting on, attempting to suggest to the jury, or attempting to introduce in any way information, documents and/or witnesses not properly disclosed or produced in discovery. Further, Defendant requests that Plaintiff be instructed to inform all witnesses of these instructions and to direct each witness not to make any reference to the foregoing.

1
2  Dated:  January 26, 2017                    GORDON & REES SCULLY MANSUKHANI LLP
3
4                                              By:      /S/ *Hieu T. Williams*_____
                                                     ALYSON S. CABRERA
                                                     HIEU T. WILLIAMS
5                                                  Attorneys for Defendant
                                                   PERALTA COMMUNITY COLLEGE DISTRICT
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1103262/31293301v.1