ALYSON S. CABRERA  (SBN: 222717)
HIEU T. WILLIAMS  (SBN: 280585)
GORDON & REES SCULLY MANSUKHANI LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054
ACABRERA@GORDONREES.COM
HWILLIAMS@GORDONREES.COM

Attorneys for Defendant
PERALTA COMMUNITY COLLEGE DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONA YOUNG, an individual,<br><br>            Plaintiff,<br><br>     vs.<br><br>PERALTA COMMUNITY COLLEGE DISTRICT, DR. ROBERT ADAMS, GREGORY VALENTINE, YORK RISK SERVICES GROUP, ARTHUR LONDON,<br><br>            Defendants. | CASE NO.  CV 14-05351 JD<br><br>**DEFENDANT'S AMENDED MOTION IN LIMINE #3: TO EXCLUDE PUNITIVE AND SPECULATIVE DAMAGES**<br><br>Pretrial Date:  February 9, 2017<br>Time:               1:30 p.m.<br>Place:  Courtroom 11, 19th Floor<br>            450 Golden Gate Ave.<br>            San Francisco, CA 94102<br>Hon. Judge James Donato<br><br>Trial Date:  February 27, 2017<br>Complaint Filed: December 5, 2014 |

///

///

///

///

///

///

///

///

-1-
DEFENDANT'S AMENDED MOTION IN LIMINE #3:
TO EXCLUDE PUNITIVE AND SPECULATIVE DAMAGES  (CASE NO. CV 14-05351 JD)

## I. NOTICE AND MOTION

**PLEASE TAKE NOTICE THAT** at the Pretrial Conference in this matter, on February 9, 2017 at 1:30 p.m., or as soon thereafter as counsel may be heard in Courtroom 11 of the federal courthouse located at 450 Golden Gate Ave., San Francisco, California, 94102, PERALTA COMMUNITY COLLEGE DISTRICT ("Defendant" or "the District"), will and hereby moves for an order precluding Plaintiff RONA YOUNG ("Plaintiff"), from arguing that she is entitled to punitive or speculative damages. This motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the pleadings and evidence in the Court's files, any further briefing regarding this motion, and such other evidence and arguments that the Court may consider at the hearing on this motion.

## I. MEMORANDUM OF POINTS AND AUTHORITIES

### A. INTRODUCTION

Defendant seeks an Order *in limine* precluding Plaintiff from arguing that she is entitled to punitive or speculative damages. In her Complaint, Plaintiff seeks punitive damages and approximately $1,045,008.00 for 15 years of lost wages. Complaint 12:6-12, Dkt. 1. <u>First</u>, it is undisputed that Defendant is a government entity and immune from punitive damages. <u>Second</u>, Plaintiff's lost salary is based on a string of unsubstantiated presumptions. Thus, Plaintiff's claimed damages are pure speculation and should be excluded.

### B. LEGAL ARGUMENT

#### 1. Plaintiff is Not Entitled to Punitive Damages Against Defendant, A Government Entity

Government Code section 818 expressly states: "Notwithstanding any other provision of law, a public entity is not liable for damages awarded under Section 3294 of the Civil Code or other damages imposed primarily for the sake of example and by way of punishing the defendant." This section exempts public entities from liability for punitive or exemplary damages. (Cal. Law Revision Com. com., 32 West's Ann. Gov. Code (1995 ed.) foll. § 818 at 221; see also *Austin v. Regents of Univ. of Calif.* (1979) 89 Cal.App.3d 354, 358.) Defendant, a community college, is a postsecondary school which is part of the public school system of the

1  State of California.  See Cal. Ed. Code 66700.  Accordingly, even if Plaintiff prevails at trial,
2  Plaintiff is not entitled an award of punitive damages as a matter of law.

### 2.  **Plaintiff Cannot Recover Damages Based on Speculation and Conjecture**

This Court has wide discretion to exclude evidence of lost wages and lost earning capacity damages that are too speculative.  *Boucher v. Suzuki Motor Corp*., 73. F.3d 18, 21 (2d Cir. 1996) (the admissibility of evidence regarding future earning capacity is within the wide discretion of the trial judge); *Mattes v. Ballys Las Vegas*, 227 Fed. Appx. 567, 570 (9th Cir. 2007).  Plaintiffs "must provide evidence such that the jury is not left to speculation or guesswork in determining the amount of damages to award."  *McGlinchy v. Shell Chem. Co*., 845 F.2d 802, 808 (9th Cir. 1988).  Speculative damages include "compensation for future loss or harm which, although possible, is conjectural or not reasonably certain."  BAJI 14.60; see also Ninth Circuit Model Jury Instructions 5.1 (damages should not be based upon "speculation, guesswork, or conjecture").  Damages are speculative when the probability that a circumstance will exist as an element for compensation becomes conjectural.  *Ericson v. Playgirl, Inc*. (1977) 73 Cal.App.3d 850 (compensatory damages awarded at trial were speculative and conjectural, and thus not allowable as plaintiff failed to establish any ascertainable loss).  Though future wages may be awarded when they can be determined with reasonable certainty, to have a jury compute a number "without reasonable predictions of actual injury is foreign to established principles of legal damages."  *Duke v. Uniroyal Inc*., 928 F.2d 1413, 1423 (4th Cir.1991).  In addition, "[a]n award for damages cannot stand when the only evidence to support it is speculative or purely conjectural."  *In re Air Crash Disaster at New Orleans, Louisiana v. Pan American World Airways*, 795 F.2d 1230, 1235 (5th Cir.1986) (internal quotations omitted) (reversing award of damages that were "premised as it was on assumptions without basis in the real world"); *see also Masinter v. Tenneco Oil Co*., 929 F.2d 191, 193 (5th Cir.1991) (reversing award of future wages where the evidence was more speculative than exact); *see also Greene v. Safeway Stores, Inc*., 210 F.3d 1237, 1246 (10th Cir.2000) (court refusing to award front pay based on speculation that injects "too many unknowns" and is "too uncertain").

///

1    In California, damages that are speculative, remote, contingent, or merely possible cannot
2  serve as a legal basis for recovery of future lost wages or lost earning capacity.  *Scott v. Pacific*
3  *Gas & Electric Co*. (1991) 11 Cal.4th 454, disapproved on other grounds in *Guz v. Bechtel Nat'l,*
4  *Inc*. (2000) 24 Cal.4th 317 (stating that absent a definable loss, a party is entitled only to nominal
5  damages); *Miranda v. Shell Oil Co*. (1993) 17 Cal.App.4th 1651 ("A jury may not make an
6  award for repercussions that are only 'likely' to take place.").  Although a jury may necessarily
7  engage in a certain degree of speculation, such damages must be based on something besides
8  pure speculation or mere surmise.  *Silvester v. Scanlan* (1933) 136 Cal.App. 107.

9    Plaintiff's claim of 15 years of "lost salary" is pure speculation.  Plaintiff is asking a jury
10 to award her lost salary based on a series of assumptions that the jury cannot possibly make:
11 whether a position for which she was qualified existed at the time of her retirement; that the
12 Defendant was unwilling to place her in said open position; and that the Defendant would fire
13 her and not re-employ her for the following 39 months (per the Collective Bargaining Agreement
14 between Plaintiff's Union and Defendant).  Plaintiff readily admits that she elected to retire
15 because she feared what *might* happen.  Other than her own testimony that she would likely have
16 worked for Defendant for the next 15 years until the age of 67, Plaintiff has no evidence
17 substantiating her claim.  Indeed, Plaintiff has not disclosed any experts on the matter and has no
18 evidence that Defendant had open positions for which she was qualified that she could have
19 performed in the event her doctor eventually opined that she could not return to her usual and
20 customary job duties as a Public Information Officer.

21    ///
22    ///
23    ///
24    ///
25    ///
26    ///
27    ///
28    ///

## C. CONCLUSION

Defendant respectfully requests this Court grant its motion *in limine* and issue an Order that precludes Plaintiff from arguing that she is entitled to punitive or speculative damages. Further, Defendant requests that Plaintiff be instructed to inform all witnesses of these instructions and to direct each witness not to make any reference to the foregoing.

Dated: February 1, 2017            GORDON & REES SCULLY MANSUKHANI LLP

By:    /S/  *Hieu T. Williams*
         ALYSON S. CABRERA
         HIEU T. WILLIAMS
Attorneys for Defendant
PERALTA COMMUNITY COLLEGE DISTRICT